## Moore *versus* Dunlap.

In actions of trespass *quare clausum*, originating before a justice of the peace, no appeal lies from the District Court, except in cases where title to land was pleaded before the justice.

Trespass, *quare clausum.*

The action was commenced before a justice of the peace, and was appealed to the District Court. The general issue alone was pleaded. A verdict was rendered for the plaintiff, and the defendant appealed to this Court. It was here dismissed for the reason that the last appeal was unauthorized. That ruling was excepted to by defendant.

*Abbott,* in support of the exceptions.

By R. S. chap. 97, § 13, an appeal from the District Court, is expressly given in any "action of trespass on lands." In *Barker* v. *Whittemore,* 22 Maine, 556, such an appeal was sustained. True, an *inference,* unfavorable to these exceptions is deducible from that case; but that inference was drawn from the position, that where the defendant pleads title, the action *cannot* be tried before the justice, but *must* be sent up. It is submitted that position is unsound. The law, R. S. chap. 116, sect. 1, 2, and 3, is *not* that the action *must* go up without trial, but that it *may* go up, *if* either party request it. The position itself, then, being erroneous, the inference drawn from it has no strength.

*Foster, contra.*

Shepley, C. J. — An appeal may be made from a judgment of the District Court, to this Court, in a class of actions enumerated in the statute, chap. 97, § 13. The settled construction of that section is, that it has reference to actions originally commenced in the District Court, and that it was not intended to include those originally commenced before a justice of the peace and triable there.

The decision in the case of *Barker* v. *Whittemore,* 22 Maine, 556, that such an appeal might be made in an action

of trespass *qua. cla.*, commenced before a justice of the peace, and removed to the District Court on a plea of title to the land by virtue of the provisions of the statute, chap. 116, sect. 3, is not regarded as inconsistent with the construction established by the cases cited by the counsel.

The ground of the decision in the case of *Barker* v. *Whittemore* was, that it was, as presented, an "action of trespass on lands," and it was regarded for all practical purposes, as commenced and introduced by an indirect course of proceeding in the District Court, because no trial could take place before it had been thus removed. It was not denied, that trespass *qua. cla.* of any other description could be brought into this Court by appeal, when commenced before a justice of the peace.

In this case the general issue was pleaded and joined, and the title to the land could not be tried. The case is not within the principle established in the case of *Barker* v. *Whittemore*, while it is within the principle established by the cases deciding the construction of that section of the statute.

*Exceptions overruled.*